UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEROY R. JEFFERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:11-CV-438 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Leroy R. Jeffers, also known as Jeberekiah E. Kelubai, a *pro se* prisoner, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 1983 drug convictions in Lake County. *See State v. Jeffers*, 2CR-18-183-73. Pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES, the court is obligated to review a habeas petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the petition (DE# 1) is **DISMISSED** for lack of jurisdiction.

BACKGROUND

On October 14, 2011, Jeffers filed this petition in the U.S. District Court for the Southern District of Indiana. (DE# 1.) On November 9, 2011, the case was transferred to this court. (DE# 4.) In his petition, Jeffers challenges the validity of his 1983 drug convictions in Lake County.(DE# 1.) In *Jeffers v. Superintendent*, 3:09-CV-529 (N.D. Ind. filed Nov. 9, 2009), Jeffers challenged the

same 1983 convictions. His petition was denied as untimely in June 2010 and he did not appeal the judgment.

DISCUSSION

This court lacks jurisdiction to hear an unauthorized successive habeas corpus petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). As stated above, Jeffers already filed a federal habeas petition challenging his 1983 drug convictions, and that petition was denied.[1] Regardless of whether the claims he is attempting to present are new or the same as those previously presented, the petition must be dismissed. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As to any new claims, the law provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3).

---

[1] For purposes of determining whether a petition is successive, courts do not "count" previous petitions that were dismissed for curable technical reasons, such as failing to pay the filing fee or filing in the wrong court. *See Altman v. Benik*, 337 F. 764, 766 (7th Cir. 2003). However, a "prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Id.*

Here, Jeffers has not obtained an order from the U.S. Court of Appeals for the Seventh Circuit permitting him to proceed with any new claims. "A district court *must* dismiss a second or successive petition, without awaiting any response from the [state], unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore, any previously unpresented claims must also be dismissed.

CONCLUSION

For the reasons set forth above, the petition (DE# 1) is **DISMISSED** for lack of jurisdiction.

DATED: November 15, 2011          /s/RUDY LOZANO, Judge
                                                United States District Court